United States District Court
Southern District of Texas

**ENTERED**

February 17, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SVETLANA A. PESTOVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-551 |
| | § | |
| US BANK TRUST COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

The Court[1] previously issued a Memorandum and Recommendation on U.S. Bank Trust Company as Trustee for Velocity Commercial Loan Trust 2024-2 ("Defendant") Motion to Dismiss (ECF No. 7), recommending that *pro se* Plaintiff Svetlana Pestova's ("Plaintiff") claims be dismissed for failure to state a claim unless she timely files a motion seeking leave to amend her complaint within fourteen days of the Memorandum and Recommendation. (ECF No. 15 at 1).  Plaintiff timely filed her Motion for Leave to Amend.  (ECF No. 16).  However, having reviewed the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion for Leave to Amend (*id.*) be **DENIED**, Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED**, and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 5).

In the previous Memorandum and Recommendation, the Court identified numerous issues with Plaintiff's Original Petition. Plaintiff's Original Petition alleges a claim for unjust enrichment. (ECF No. 1 at 13). However, Plaintiff's unjust enrichment claim appears to be precluded. (ECF No. 15 at 7). The Court also analyzed whether Plaintiff sufficiently alleged a breach of contract claim. (*Id.*). However, Plaintiff fails to (1) plead whether she tendered performance with respect to her loan payments; (2) identify the provisions in the Deed of Trust that were allegedly breached by Defendant; or (3) plead that she suffered actual damages as a result of Defendant's actions. (*Id.* at 8).

While Plaintiff timely filed her motion for leave to amend her complaint, she fails to address any of the deficiencies identified in the Court's Memorandum and Recommendation. (*See* ECF No. 16). Plaintiff also failed to provide a proposed amended complaint. Instead, Plaintiff requests that the Court hold a hearing before the case is dismissed so that her allegations could be considered. (*Id.* at 11).

Under Federal Rule of Civil Procedure 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *U.S. ex rel. Steury v.*

*Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).  Because Plaintiff fails to cure the deficiencies previously identified by the Court, the Court recommends Plaintiff's Motion for Leave to Amend (ECF No. 16) be denied as futile.  *See Post v. Comal Cnty., Texas*, No. 18-cv-01203, 2021 WL 1620815, at *1 (W.D. Tex. Jan. 6, 2021) (denying leave to amend where "Plaintiff has failed to cure deficiencies by amendments previously allowed"); *Vaughn v. Harris Cnty. Hosp. Dist.*, No. 4:17-cv-2749, 2021 WL 8129671, at *2 (S.D. Tex. Dec. 16, 2021), *report and recommendation adopted*, No. 4:17-cv-02749, 2022 WL 1165146 (S.D. Tex. Apr. 20, 2022), *aff'd sub nom. United States ex rel. Vaughn v. Harris Cnty. Hosp. Dist.*, No. 22-20659, 2023 WL 8649876 (5th Cir. Dec. 14, 2023) ("The Court further recommended Relator be denied leave to amend his complaint because he did not explain how he would cure its deficiencies or provide a proposed amended complaint.").

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Leave to Amend (ECF No. 16) be **DENIED**, Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED**, and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b)

and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on February 17, 2026.

_____

Richard W. Bennett
United States Magistrate Judge